IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

FILED
U.S. DISTRICT COURT

2018 AUG 28  A 11: 16

DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

| | |
|---|---|
| JOHN CARRELL, | **O R D E R** |
| Plaintiff, | Case No. 2:18-CV-654 TC |
| v. | District Judge Tena Campbell |
| OFFICER JORDAN KEARL et al. | |
| Defendants. | |

Plaintiff/inmate, John Carrell, submits a *pro se* civil rights case.[1] Plaintiff applies to proceed without prepaying the filing fee.[2] Plaintiff also moves for appointed counsel.

First, as to the *in forma pauperis* application, Plaintiff has not as required by statute filed "a *certified* copy of the trust fund account statement (or institutional equivalent) for the prisoner for the *6-month period immediately preceding the filing of the complaint* . . . obtained from the appropriate official of each prison at which the prisoner is or was confined."[3] Still, the Court grants Plaintiff's *in forma pauperis* application, pending receipt of Plaintiff's account statement.

Second, the Court considers Plaintiff's motion for appointed counsel. Plaintiff has no constitutional right to counsel.[4] The Court may, however, in its discretion appoint counsel for

---

[1] *See* 42 U.S.C.S. § 1983 (2018).

[2] *See* 28 *id.* § 1915.

[3] *See id.* § 1915(a)(2) (emphasis added).

[4] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

indigent inmates.[5] The applicant has the burden of showing that his/her claim has enough merit to justify the Court in appointing counsel.[6]

When deciding whether to appoint counsel, the Court studies a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[7] Considering these factors, the Court concludes that (1) it is unclear at this time that Plaintiff has asserted a colorable claim; (2) the issues here are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

IT IS HEREBY ORDERED that:

(1) Plaintiff's application to proceed without prepaying the filing fee is granted. So that the Court may figure Plaintiff's initial partial filing fee, Plaintiff shall have thirty days from the date of this Order to file with the Court a certified copy of Plaintiff's inmate trust fund account statement(s). If Plaintiff was held at more than one institution during the past six months, Plaintiff shall file *certified* trust fund account statements (or institutional equivalent) from the appropriate official at each institution. The trust fund account statement(s) *must show deposits and average balances for each month*. If Plaintiff does not fully comply, this complaint will be dismissed.

---

[5]*See* 28 U.S.C.S. § 1915(e)(1) (2018); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

[6]*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[7]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citation omitted); *accord McCarthy*, 753 F.2d at 838-39.

(2) Plaintiff's request for appointed counsel is denied;  however, if, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's behalf.

DATED this 27ᵀᴴ day of August, 2018.

BY THE COURT:

CHIEF MAGISTRATE JUDGE PAUL M. WARNER
United States Magistrate Court