IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN CARRELL,<br><br>    Plaintiff,<br><br>v.<br><br>JORDAN KEARL et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:18-CV-654-TC<br><br>District Judge Tena Campbell |

  Plaintiff, John Carrell, a Utah State Prison inmate, filed a *pro se* prisoner civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2018), proceeding *in forma pauperis*. *See* 28 *id.* § 1915. His Complaint is now before the Court for screening. *See id.* § 1915A.

**SCREENING ANALYSIS**

**1. Grounds for Sua Sponte Dismissal**

  In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil rights complaint contains "bare assertions," involving "nothing

more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v.*

*Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 2. Affirmative Link

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not name an individual as a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Considering these guidelines, the Court concludes that Plaintiff has done nothing to affirmatively link Defendant Benzon to his claims, but has instead identified him merely as a bystander, supervisor, or denier of grievances--and has not tied any material facts to him. Plaintiff's claims against this defendant therefore may not survive screening. And this defendant is dismissed.

**ORDER**

**IT IS ORDERED** that:

(1) Upon the Court's screening of the Complaint under 29 U.S.C.S. § 1915A (2018), Defendant Benzon is **DISMISSED** with prejudice, for failure to state a claim upon which relief may be granted.

(2) Plaintiff's Motion to Accept and Recognize Legal Power of Attorney for Plaintiff's Signature is **DENIED**. (Doc. No. 6.) Plaintiff asserts a need for this based on "situations like this where obtaining my personal signiture [sic] adds a minimum of 10 business days to the process." The Court assures Plaintiff that it will not hold against Plaintiff any ten-business-day delay in responses required by the Court.

(3) Defendants' Motion to Stay Case is **DENIED**. (Doc. No. 24.) The filing fee has been paid and Complaint screened. Defendants shall answer within twenty days.

(4) Plaintiff's motion for entry of default judgment is **DENIED**. (Doc. No. 27.)

DATED this 25th day of October, 2018.

BY THE COURT:

_Tena Campbell_
TENA CAMPBELL
United States District Judge